UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   -v-                  07-CR-37S

PETER GIGLIA

_____

**PRELIMINARY ORDER OF FORFEITURE**

  As the result of defendant's March 19, 2008, plea of guilty to Count 1 of the Indictment filed in this Court on February 13, 2007, the defendant, and in accordance with the terms of the written Plea Agreement entered that date, Peter Giglia, agrees to the entry of an Order of Forfeiture for the following assets:

  All legal and equitable interest in the premises and property located at 232 Cable Street, Buffalo, New York. (Recorded in Liber 11099 Page 1811, Book of Deeds, Erie County Clerk's Office), and

  All legal and equitable interest in the premises and property located at 328 Parkdale Street, Buffalo, New York. (Recorded in Liber 11096 Page 314, Book of Deeds, Erie County Clerk's Office).

pursuant to Title 21, United States Code, Section 853.

**NOW THEREFORE**, pursuant to Federal Rules of Criminal Procedure Rule 32.2(b) and Title 18, United States Code, Section 853; it is

**ORDERED**, that all of the title, interest and rights, both legal and equitable, that defendant, PETER GIGLIA, possesses in the above-referenced real properties are hereby condemned and forfeited to the United States of America, and to be disposed of according to law.

**ORDERED**, upon entry of this Order, pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is now final as to the defendant and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2); and it is further

**ORDERED**, pursuant to Title 21, United States Code, Section 853(I), upon entry of this Preliminary Order of Forfeiture the Court hereby authorizes the Attorney General, through the United States Marshals Service, to take the appropriate measures necessary to safeguard and maintain property ordered forfeited under this section pending its disposition.  The United States Marshals Service is further granted full inspection and access rights to said real properties, and authorized to enter into occupancy

agreements with any of the occupants of said real properties or to physically remove such occupants as it deems necessary in order to dispose of said real properties; and it is further

**ORDERED**, that pursuant to Title 21, United States Code, Section 853(h), following the seizure of said real properties, the United States shall direct the disposition of the properties by sale by any commercially reasonable means, if appropriate, making due provision for the rights of any innocent persons; and it is further

**ORDERED**, the Attorney General, through the United States Attorney's Office, is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order; and it is further

**ORDERED**, the United States shall publish notice of the Order and its intent to dispose of the properties in such a manner as the Attorney General may direct pursuant to Title 21, United States Code, Section 853(n)(1).  The United States may also, to the extent practicable, provide written notice to any person or entity known to have an alleged interest in the monies or subject properties; and it is further

**ORDERED**, any person, other than the above named defendant, asserting a legal interest in the subject properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject properties, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n)(2-6); and it is further

**ORDERED**, any petition filed by a third party asserting an interest in the subject monies or properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the subject properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject monies or real properties, any additional facts supporting the petitioner's claim and the relief sought; and it is further

**ORDERED**, after the disposition of any motion filed under Title 21, United States Code, Section 853 (n) and pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues; and it is further

**ORDERED**, following the Court's disposition of all third party petitions, or, if no such petitions are filed following the expiration of the period for filing third party petitions as provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 18, United States Code, Section 982(b)(1), the United States shall have clear title to the monies and real properties that are the subject of this Order and may warrant good title to any subsequent purchaser or transferee, as provided in Title 21 United States Code, Section 853(n)(7).

As the result of defendant's March 19, 2008, plea of guilty to Count 1 of the Indictment, and in accord and accommodation of the terms of the written Plea Agreement entered that day and upon the consent of the defendant, in lieu of defendant's properties specified below:

> All legal and equitable interest in the premises and property located at 9692 S. Lotus Point, Lots 13AA and 14AA, Parcel 17E20S260 200000A00140, Homosassa, Florida;

> All legal and equitable interest in the premises and property located at 9505 S. Lotus Point, Lot 3, Parcel 17E20S25140000030 and Lot 4, Parcel 17E20S1400000400000, Homosassa, Florida; and

> All legal and equitable interest in the premises and property located at 9520 S. Lotus Point, Homosassa, Florida,

the defendant, Peter Giglia, shall forfeit to the United States the sum of TWENTY NINE THOUSAND DOLLARS ($29,000.00), pursuant to Fed. R. Crim. P. 32.2(b)(2) and (c)(1).

**IT IS ORDERED** that the sum of $29,000.00 is to be forfeited and is to be evidenced by an entry of a money judgment in the same amount. Said judgment shall serve as a judgment and lien against all of the defendant's property until fully satisfied, and it is further

**ORDERED,** the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED.

DATED:   Buffalo, New York, June 19, 2008.

/s/William M. Skretny
WILLIAM M. SKRETNY
UNITED STATES DISTRICT JUDGE